IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDGAR REYES-COLON,

    **Plaintiff,**

          v.                              **CIVIL NO. 20-1355 (JAG)**

BANCO POPULAR DE PUERTO RICO, *et al.*,

    **Defendants.**

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Plaintiff Edgar A. Reyes-Colon's ("Plaintiff" or "Reyes-Colon") Motion for Withdrawal of Bankruptcy Reference (the "Motion"). Bankr. No. 6-4675; Adv. P. 20-0092,[1] Docket No. 3. Plaintiff seeks to withdraw the reference of an adversary proceeding filed on June 29, 2020, against Banco Popular de Puerto Rico and Popular Auto (collectively "Banco Popular"). Docket No. 1; AP 20-0092, Docket No. 1. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

The present case stems from a complex and prolonged litigation that initiated in 2005 in Puerto Rico state court. *See* Bankr. No. 6-4675, Docket No. 844 at 4; AP 20-0092, Docket No. 1. On November 22, 2006, Banco Popular filed an involuntary petition against Plaintiff. Bankr. No. 6-4675, Docket No. 1. On September 2, 2016, the Bankruptcy Court dismissed the involuntary

---

[1] Adversary Proceeding No. 20-0092 will be cited as "AP 20-0092."

CIVIL NO. 20-1355 (JAG)                                                                    2

petition for non-compliance with 11 U.S.C. § 303(b)(1) of the Bankruptcy Code. Bankr. No. 6-4675,

Docket No. 722. On August 11, 2017, the U.S. District Court reversed the Bankruptcy Court's

dismissal order. Bankr. No. 6-4675, Docket No. 782; Civ. No. 16-2638(GAG), Docket No. 29. On

April 24, 2019, the U.S. Court of Appeals for the First Circuit reversed the District Court and

affirmed the Bankruptcy Court's dismissal order, and issued the corresponding mandate on June

20, 2019. *Popular Auto, Inc. v. Reyes-Colon (In re Reyes-Colon)*, 922 F.3d 13, 20 (1st Cir. 2019); Civ. No.

16-2638, Docket Nos. 45, 47. On August 7, 2019, the bankruptcy case was closed. Bankr. No. 6-

4675.

On June 18, 2020, following the First Circuit's order affirming the Bankruptcy Court's

dismissal of the involuntary petition, Reyes-Colon requested attorney's fees, costs, damages, and

punitive damages under § 303(i) of the Bankruptcy Code. Bankr. No. 6-4675, Docket Nos. 843,

844. The § 303(i) claims were later refiled as AP 20-0092, in which Reyes-Colon requested the

withdrawal of reference.[2] *Id.*; Docket No. 858; AP 20-0095, Docket Nos. 1, 3.

_____

[2] The Court notes the First Circuit's footnotes 4 and 6. *Reyes-Colon v. Banco Popular de P.R.*, 110 F.4th 54, 61-62 n.4, n.6 (1st Cir. 2024). As the First Circuit explained, the claim before the Court was originally filed in the involuntary petition case, Bankr. No. 6-4675. The bankruptcy court then entered the following order "NOTICE OF CORRECTIVE ENTRY: Incorrect Event was used. Party must re-file correctly under Adversary/Complaint." Bankr. No. 6-4675, Docket No. 850. Thus, the claim was refiled as an adversary proceeding. *Id.* In footnote 4 of *Reyes-Colon*, the First Circuit notes two cases that "held that § 303 (i) requests must be made within the involuntary-petition case itself." 110 F.4th at 61 n.4. The first case was *Glannon v. Garrett & Assocs., Inc.*, 261 B.R. 259, 267 (D. Kan. 2001), in which Plaintiff filed a second § 303(i) action in the District Court while there was a pending parallel case regarding plaintiff's section § 303(i) claim. The *Glannon* court noted that it "could find no case where section 303(i) sanctions were requested as a separate cause of action in a proceeding separate and apart from the underlying bankruptcy proceeding." *Id.* (cleaned up). *Glannon* is thus inapplicable to the present controversy because Reyes-Colon initiated his § 303(i) claims in the underlying bankruptcy proceeding and no independent cause of action has been filed in the District Court. *See* Docket Nos. 1, 2, 3; Bankr. No. 6-4675, Docket Nos. 843, 850; AP 20-0095, Docket Nos. 1, 3. The second case cited by the First Circuit is *Graber v. Fuqua*, 279 S.W.3d 608, 610 (Tex. 2009), which involved a claim filed in state court by the debtor of a *voluntary* Chapter 7 petition for an adversary claim that a creditor had filed against him as *voluntary* debtor. *Id.* at 615. As such, *Graber* is also inapplicable because here Plaintiff is an *involuntary* debtor as required by § 303 and initiated his claim in

CIVIL NO. 20-1355 (JAG)                                                                                    3

On July 6, 2020, the Bankruptcy Court denied Plaintiff's § 303(i) claims, concluding it did not retain jurisdiction to resolve the matters raised, and transmitted AP 20-0092 to this Court for a decision on the request for withdrawal of reference. Bankr. No. 6-4675, Docket No. 863; AP 20-0092, Docket No. 5. On August 30, 2021, this Court affirmed the Bankruptcy Court's denial of Plaintiff's motion for attorney fees and costs under § 303(i)(1). Docket No. 54. On August 10, 2022, this Court denied Plaintiff's motion for withdrawal of reference. Docket No. 67. On August 2, 2024, the First Circuit affirmed the Bankruptcy Court's denial of the motion for attorney's fees, vacated the District Court's denial of the motion to withdraw reference, and remanded the case to this Court for further proceedings related to the motion to withdraw reference and the § 303(i)(2) claims. Docket No. 94.

## ANALYSIS

"The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "Under this statute, withdrawal of reference may be mandatory or discretionary." *Ponce*

---

bankruptcy court. Moreover, Banco Popular did not raise any arguments as to the bankruptcy court's corrective order and, therefore, any argument related to the corrective order was waived long ago. Additionally, other courts have allowed § 303(i) claims to be filed as adversary proceedings because they relate to a contested matter that does not affect the property of the estate. *See McMillan v. Schmidt (In re McMillan)*, 614 Fed. App'x. 206, 210 (5th Cir. 2015) (holding a § 303(i) claim was properly brought as an adversary proceeding under Rule 7001); *Mont. Dep't of Revenue v. Blixseth (In re Blixseth)*, 112 F.4th 837, 847 (9th Cir. 2024) ("Blixseth subsequently brought an adversary proceeding against the State under § 303(i) seeking attorneys' fees and costs, proximate and punitive damages, and sanctions against counsel."); *DVI Receivables XIV, LLC v. Rosenberg (In re Rosenberg)*, 779 F.3d 1254, 1260 (11th Cir. 2015) (related to an adversary proceeding under § 303(i)); *Nat'l Med. Imaging, LLC v. U.S. Bank, N.A. (In re Nat'l Med. Imaging, LLC)*, 818 Fed. App'x. 129, 132 (3rd Cir. 2020) ("Both NMI and Rosenberg brought separate adversary actions against the creditors, relying on 11 U.S.C. § 303(i)(2)."); *In re Dean*, 359 B.R. 218, 222 (Bankr. C.D. Ill. 2006) ("Several courts have held that if a party seeks recovery of damages . . . this falls within Rule 7001(1) and the matter should be brought as an adversary proceeding.").

CIVIL NO. 20-1355 (JAG)                                                                4

*Marine Farm v. Browner (In re Ponce Marine Farm)*, 172 B.R. 722, 723 (Bankr. D.P.R. 1994). "The purpose of mandatory withdrawal of reference is to assure that only Article III Judges determine issues requiring more than a routine application of federal statutes outside the Bankruptcy code." *Id.* at 724. "Accordingly, mandatory withdrawal of reference is proper only where resolution of the adversary proceeding involves substantial and material consideration of non-bankruptcy federal [statutes]." *Id.* "[T]he test for ascertaining whether permissive withdrawal is proper requires a court to resolve whether 'cause' exists." *Id.* In this context, "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors when the motion is for cause." *Reyes-Colon v. Banco Popular de P.R.*, 110 F.4th 54, 68 (1st Cir. 2024) (citations omitted).

Plaintiff's main argument to withdraw reference is that he has the right to a jury trial under the Seventh Amendment of the U.S. Constitution. Docket No. 1; *see also* AP 20-0092, Docket No. 1. Courts tasked with determining if the Seventh Amendment applies to controversies arising under or related to Title 11 of the Bankruptcy Code have followed the four-prong test established by the Supreme Court in *Granfinanciera v. Nordberg*, 492 U.S. 33, 42, 51-52 (1989). *See also Glannon v. Carpenter (In re Glannon)*, 245 B.R. 882, 889 (D. Kan. 2000); *Moyer v. Koloseik (In re Sutton)*, 470 B.R. 462, 472 (Bankr. W.D. Mich. 2012); *Nat'l Med. Imaging, LLC v. DVI Receivables XIV, LLC*, 2016 U.S. Dist. LEXIS 117973, *20 (E.D. Pa. 2016). Under this test, courts must examine the matter as follows:

> First, the proceeding must be one which would have been considered an action at law in the courts of England prior to the merger of the courts of law and equity. Actions to enforce statutory rights that are analogous to common law actions ordinarily decided in English law courts are sufficient to meet this prong. Second, the remedy sought must be legal in nature. Third, the proceeding must involve private rights, rather than public rights developed by Congress to be determined solely by a non-Article III adjudicative

Case 3:20-cv-01355-JAG    Document 108    Filed 02/24/26    Page 5 of 15

CIVIL NO. 20-1355 (JAG)                                                    5

> body. Fourth, the petitioner must not have filed a claim against the
> estate.

*In re Glannon*, 245 B.R. at 889 (cleaned up).

## I.    Motion for Withdrawal of Reference

Here, the *Granfinanciera* four prong test is met. The first prong is met because a claim for §

303(i)(2) damages is analogous to the common law claim for malicious prosecution. The second

prong is also met because Plaintiff's action solely seeks money damages and actions solely seeking

to recover money damages are actions at law. *See Granfinanciera*, 492 U.S. at 48-49. Third, Plaintiff's

suit involves private rights since it seeks compensation for alleged damages done to him as an

involuntary debtor, the involuntary petition has been dismissed, and thus any determination in

this case will not affect the bankruptcy estate. *See Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1331

(2nd Cir. 1993) ("The suit seeks compensation for damage done. It has nothing to do with the

essence of the bankruptcy regulatory scheme of allowing or reordering claims."). Lastly, Plaintiff

never voluntarily submitted himself to the jurisdiction of the Bankruptcy Court; he was brought

involuntarily by Banco Popular. *See* Bankr. Case No. 6-4675, Docket Nos. 1, 6, 11. Accordingly,

Plaintiff's Seventh Amendment right constitutes cause to withdraw the reference for his §

303(i)(2) claims.

## II.   Banco Popular's Arguments

Banco Popular does not address the *Granfinanciera* test. Instead, it argues that (1) Plaintiff

lacks a Seventh Amendment right to trial by jury since he is domiciled in and a resident of Puerto

Rico; (2) even if Plaintiff has a Seventh Amendment right to trial by jury, he waived such right;

and (3) since "Reyes-Colón's grounds for withdrawal of the reference are completely anchored on

CIVIL NO. 20-1355 (JAG)                                                                                6

his alleged right to a jury trial under 28 U.S.C. § 157(e) . . . [he] has waived argument on the section

157(d) factors to determine cause for withdrawal of the reference because he failed to address it

in his initial motion." Docket No. 99 at 3-4, 7. The Court shall address each argument in turn.

## A.  Seventh Amendment Right to Trial by Jury

Even though Plaintiff squarely meets the *Granfinanciera* four prong test, Banco Popular

argues that Plaintiff lacks a Seventh Amendment right to trial by jury because he is domiciled in

and a resident of Puerto Rico. Docket No. 99 at 3-4. Per Banco Popular, Plaintiff does not have a

right to trial by jury in this matter under *Balzac v. Porto Rico*, 258 U.S. 298 (1922). Specifically, Banco

Popular argues that "Puerto Ricans are not protected by the Seventh Amendment in federal civil

proceedings" and "Puerto Ricans do not have a constitutional right to a jury trial in federal civil

cases." Docket No. 99 at 3. The Court disagrees.[3]

The Court finds *Balzac* to be distinguishable and inapposite to the present case. *Balzac's*

holding related to a criminal defendant's Sixth Amendment Right to a jury trial in a misdemeanor

case brought by the Puerto Rico government in Puerto Rico's local court. By contrast, the present

controversy centers on a federal civil litigant's claim to a jury trial in a case initiated in federal

court and arising out of federal law. *See Reid v. Covert*, 354 U.S. 1, 14 (1957) ("[I]t is our judgment

that neither the [Insular Cases] nor their reasoning should be given any further expansion.");[4]

---

[3] The Court is aware of the First Circuit's footnote 18 stating "we note with chagrin that Puerto Rican residents are not protected by the right to a trial by jury" and citing in support Judge Torruella's concurrence in *United States v. Cotto-Flores*, 970 F.3d 17, 50 (1st Cir. 2020). *Reyes-Colon*, 110 F.4th at 68 n.18. Nevertheless, for the reasons explained in this Opinion and Order, the Court finds such statement to be inapplicable to the present controversy.

[4] In *Reid*, the Supreme Court explained

> The "Insular Cases" can be distinguished from the present cases in that
> they involved the power of Congress to provide rules and regulations to

CIVIL NO. 20-1355 (JAG)                                                                                      7

*United States v. Verdugo-Urquidez*, 494 U.S. 259, 291 (1990) (Brennan, J., dissenting) ("The *Insular Cases* are likewise inapposite. The *Insular Cases* all concerned whether accused persons enjoyed the protections of certain rights in criminal prosecutions brought by territorial authorities in territorial courts. These cases were limited to their facts long ago and they are of no analytical value when a criminal defendant seeks to invoke the Fourth Amendment in a prosecution by the Federal Government in a federal court.") (cleaned up); *Jacob v. New York City*, 315 U.S. 752, 752-53 (1942) ("The right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment. A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the courts."); *Mitsui & Co. v. P.R. Water Res. Auth.*, 558 F. Supp. 116, 117 (D.P.R. 1983) ("Mitsui alleges that there seems to still exist a lingering doubt about whether the Seventh Amendment even applies with its full constitutional force to trials conducted in the Federal District Court in Puerto Rico. That doubt stopped lingering in 1976 when the First Circuit Court of Appeals in *La Forest v. Las Fuentes Fluviales de P.R.*, 536 F.2d 443, 446

---

> govern temporarily territories with wholly dissimilar traditions and institutions whereas here the basis for governmental power is American citizenship . . . Moreover, it is our judgment that neither the cases nor their reasoning should be given any further expansion. The concept that the Bill of Rights and other constitutional protections against arbitrary government are inoperative when they become inconvenient or when expediency dictates otherwise is a very dangerous doctrine and if allowed to flourish would destroy the benefit of a written Constitution and undermine the basis of our Government. If our foreign commitments become of such nature that the Government can no longer satisfactorily operate within the bounds laid down by the Constitution, that instrument can be amended by the method which it prescribes. But we have no authority, or inclination, to read exceptions into it which are not there.

354 U.S. at 14.

CIVIL NO. 20-1355 (JAG)                                                        8

(1st Cir. 1976) held that 'civil plaintiffs in the Federal District Court of Puerto Rico are entitled

under the Seventh Amendment to a trial by jury.'"); *see also United States v. Santiago*, 23 F. Supp. 3d

68, 68-69 (D.P.R. 2014) (explaining that in 1966 federal law "transformed the territorial Article IV

federal district court in Puerto Rico to a constitutional Article III one" and "[t]he Supreme Court

subsequently recognized the Article III status of this court. The reason given for this [law] was

that the Federal District Court in Puerto Rico is in its jurisdiction, powers, and responsibilities

the same as the U.S. district courts in the (several) states.") (cleaned up).

Banco Popular's argument also fails to explain how or why the holdings in the Insular

Cases,[5] related to the administration of new territories, extends to a controversy in federal court

arising out of the Bankruptcy Code. *See id.*; *see also* Docket No. 99 at 3-4. Furthermore, Banco

Popular ignores the fact that

> [t]hough Puerto Rico does not use juries for civil questions, it is well
> established that the Seventh Amendment most decidedly affords
> litigants in federal court in Puerto Rico the right to trial by jury.
> Even in diversity cases applying Commonwealth law, then, it is
> federal law that must control the division of responsibility between
> judge and jury.

*Pérez-Pérez v. Hosp. Episcopal San Lucas, Inc.*, 113 F.4th 1, 8 (1st Cir. 2024) (cleaned up); *see also Byrd v.*

*Blue Ridge Rural Elec. Coop.*, 356 U.S. 525, 538 (1958) ("It cannot be gainsaid that there is a strong

federal policy against allowing state rules to disrupt the judge-jury relationship in the federal

---

[5] "The 'Insular Cases,' which arose at the turn of the century, involved territories which had only recently been conquered or acquired by the United States. These territories, governed and regulated by Congress under Art. IV, § 3, had entirely different cultures and customs from those of this country. This Court, although closely divided, ruled that certain constitutional safeguards were not applicable to these territories since they had not been 'expressly or impliedly incorporated' into the Union by Congress. While conceding that 'fundamental' constitutional rights applied everywhere, the majority found that it would disrupt long-established practices and would be inexpedient to require a jury trial after an indictment by a grand jury in the insular possessions." *Id.* at 13.

CIVIL NO. 20-1355 (JAG)                                                              9

courts."); *Wright v. Paramount-Richards Theatres, Inc.*, 198 F.2d 303, 305 (5th Cir. 1952) ("[I]n federal courts the principle just adverted to must give way to the overriding consideration that the federal court is bound by the Seventh Amendment to the Constitution of the United States."). As such, considering the Seventh Amendment is afforded to Puerto Rican litigants in federal court—even to those asserting diversity jurisdiction— a fortiori it must also be afforded here.

### B.  Waiver of Seventh Amendment Right to Trial by Jury

Banco Popular's second argument is also unavailing. Banco Popular argues that even if Plaintiff has a Seventh Amendment right in this case, he waived such right because he did not request a jury trial

> before the filing of his bad faith complaint and motion for withdrawal of the reference. In fact, even when the involuntary bankruptcy action commenced in 2006, Reyes-Colon waited almost four years after the case was dismissed to demand a jury trial for the first time on his bad faith complaint for damages under 11 U.S.C. § 303(i).

Docket No. 99 at 5. Banco Popular supports its claim by contending that Plaintiff is

> conceptually confused as waiver and timeliness are distinct issues. One thing is whether the motion for withdrawal of the reference was timely filed, and another is whether Reyes-Colón waived the right to trial by jury by failing to request it in his initial pleadings in the underlying bankruptcy court case under Puerto Rico Local Bankruptcy Rule 9015-1 and Fed. R. Civ. P. 38. Reyes-Colón overlooks that any remedies under § 303(i) are part and parcel of the underlying involuntary bankruptcy proceeding and are not considered an independent claim for relief.

Docket No. 107 at 5 (cleaned up). Put simply, Banco Popular argues that Plaintiff waived his right to a jury because he did not request a jury trial for his § 303(i) claims in his motions to dismiss the involuntary bankruptcy. Docket No. 99 at 5-7; *see also* Bankr. No. 6-4675, Docket Nos. 6, 11.

However, this argument fails because, as the First Circuit explained, the "purpose [of § 303(i)] does not become ripe unless and until dismissal has occurred." *Reyes-Colon*, 110 F.4th at 65-66 (explaining that a § 303(i) claim necessarily requires post-dismissal jurisdiction.).[6] Therefore, Reyes-Colon could not have a valid § 303(i)(2) claim until *after* the involuntary bankruptcy was dismissed. It would be absurd to require a litigant to make a jury demand before he has a valid claim to plead. Regardless, Banco Popular insists that Plaintiff's motions to dismiss "triggered Reyes-Colon's 14-day term to file and serve a jury trial demand" because the "two pleadings–served as motions to dismiss–were not only intended to be dispositive of the lawsuit but were 'directed to the issue' of costs, attorney's fees, and damages under section § 303(i)." Docket No. 99 at 5; *see also* Bankr. No. 6-4675, Docket Nos. 6, 11.[7]

Following the First Circuit's holding in this case, if a § 303(i) claim is not ripe before dismissal, then the appropriate time to raise such claim must be after dismissal. As such, Reyes-

---

[6] In *Reyes-Colon*, the First Circuit found:

> The purpose of § 303(i) is not negated by dismissal of the underlying bankruptcy case; indeed, its purpose does not become ripe unless and until dismissal has occurred. Further, nothing in the Bankruptcy Code mandates dismissal of a § 303(i) motion simply because the bankruptcy petition has been dismissed. Instead, the opposite is true. No part of § [303(i)] suggests that a claim exists only while the bankruptcy case remains pending. And when Congress listed the effects of dismissing a bankruptcy case, it included nothing about automatically terminating the court's jurisdiction over post-dismissal § 303(i) requests. It makes sense that a bankruptcy court would retain jurisdiction over a § 303(i) claim because that section necessarily requires post-dismissal jurisdiction.

110 F.4th at 65-66 (cleaned up).

[7] "11 U.S.C. § 303(i) provides that *if* the court dismisses a petition under Section 303 other than on consent of all petitioners [in this case BPPR] and the debtor and if the debtor does not waive the right to judgment, the Court may grant judgment against the petitioners and in favor of the debtor for costs; or a reasonable attorney's fees; or against any petitioner that filed the petition in bad faith for any damages proximately caused by such filing, or punitive damages." Bankr. No. 6-4675, Docket No. 6 (emphasis added).

CIVIL NO. 20-1355 (JAG)                                                                                  11

Colon cannot waive his right to a jury trial for a § 303(i)(2) claim before the pleading can legally be made. *See Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017) ("The Supreme Court has reinforced that ripeness doctrine seeks to prevent the adjudication of claims relating to contingent future events that may not occur as anticipated, or indeed may not occur at all."); *see also Herbert v. Dickhaut*, 695 F.3d 105, 109 (1st Cir. 2012) ("There can be no waiver where a party lacked an opportunity to raise an argument."); *Reyes-Colon*, 110 F.4th at 66 n.14 (explaining that a party cannot waive an objection to an issue that has not been raised). Consequently, if this specific pleading cannot be made before dismissal, a motion to dismiss cannot be considered "the last pleading directed to the issue is served." Docket No. 99 at 5; *see also* Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate."); Fed. R. Civ. P. 38(b) ("On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).). Accordingly, Reyes-Colon did not waive his right to a jury trial because he did not have a triable claim prior to dismissal.

Banco Popular realleges that Plaintiff "waited almost four years after the case was dismissed" to request his remedies under § 303(i). Docket No. 99 at 5. The First Circuit rejected this argument, explaining that the applicable rules do not specify how appeals affect deadlines and used the date of the First Circuit's mandate affirming dismissal as the dismissal date. *See Reyes-Colon*, 110 F.4th at 67. Therefore, the involuntary petition's dismissal date is June 19, 2019, when

CIVIL NO. 20-1355 (JAG)                                                                    12

the First Circuit issued the mandate affirming the Bankruptcy Court's dismissal, not the Bankruptcy's original dismissal dated September 2, 2016. *Id.*

The First Circuit determined the § 303(i)(1) claim for attorney fees was untimely and the motion to withdraw the reference was timely. *Reyes-Colon*, 110 F.4th at 67, 70. Nevertheless, even though the First Circuit found the motion to withdraw was timely, it did not address the timeliness of the § 303(i)(2) claims. *Id.* at 69 n.20. Because Banco Popular did not put forth any arguments on this issue, any objections as to the timeliness of the § 303(i)(2) claims have been waived. As the First Circuit noted, the rules do not specify a deadline for the filing of § 303(i)(2) claims. *Id.* at 67-68; *see also Nat'l Med. Imaging, LLC v. U.S. Bank, N.A. (In re Nat'l Med. Imaging, LLC)*, 570 B.R. 147, 157 (Bankr. E.D. Pa. 2017) ("[S]ection 303(i) claims are not subject to a statute of limitations (whether contained in the Bankruptcy Code or borrowed from state law), but must be brought within a reasonable amount of time that does not prejudice Defendants."); *Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283, 1285 (11th Cir. 2016) (noting that the appealed bankruptcy case was dismissed in August 2009, the adversary complaint was filed in December 2010, and the jury demand and request for withdrawal of reference was made in March 2012); *Hilrock Corp. v. Imani Fe, LP (In re Imani Fe, LP)*, 2012 Bankr. LEXIS 5232, *16 (BAP 9th Cir. 2012) ("Furthermore, in making its decision, the BAP recognized that it would be incongruous and inefficient to demand that a motion for attorneys' fees under § 303(i)(1) be filed within a strict timeframe, while a motion for damages under § 303(i)(2) is not subject to a specific deadline."). As the First Circuit explained, "[t]imeliness . . . is dependent on how parties interact; a short delay in some circumstances may be far more prejudicial than a longer one in others." *Reyes-Colon*, 110 F.4th at 69. Considering the issues presented in this case originated from an involuntary petition filed in

CIVIL NO. 20-1355 (JAG)                                                                                    13

2006, which in turn stemmed from another state court case that initiated in 2005, and the involuntary petition was ultimately dismissed in 2019, the Court finds Plaintiff's § 303(i)(2) claim are timely because (1) the statute does not specify a deadline for the filing of § 303(i)(2) claims, (2) Banco Popular did not raise any arguments as to the timeliness of these claims, (3) the § 303(i)(2) claim was filed one year after the First Circuit's mandate affirming dismissal, (4) Puerto Rico's general tort statute has a prescriptive period of one year,[8] and (5) the Parties have been in litigation for approximately twenty years.

### C. Appropriate Forum

Banco Popular's last argument is that since "Reyes-Colon's grounds for withdrawal of the reference are completely anchored on his alleged right to a jury trial under 28 U.S.C. § 157(e) . . . [he] has waived argument[s] on the [28 U.S.C. §] 157(d) factors to determine cause for withdrawal of the reference because he failed to address it in his initial motion." Docket No. 99 at 7. Nevertheless, such factors are inconsequential when Plaintiff has a Seventh Amendment right to a trial by jury. *See supra* § I and § II.A.

Finally, Banco Popular believes Reyes-Colon cannot claim bad faith because "there is a final and unappealable finding from the bankruptcy court that there were legitimate and well-grounded reasons to file the involuntary bankruptcy petition." Docket No. 99 at 8. The applicable caselaw suggests otherwise. *See In re Forever Green Ath. Fields, Inc.*, 804 F.3d 328, 330 (3rd Cir. 2015)

---

[8] *See* Article 1868 of the 1930 Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 5298 (explaining that obligations arising from the fault or negligence mentioned in § 5141 of this title prescribe in one year), now Article 1204(a) of the 2020 Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 9496; *see also* Article 1802 of the 1930 Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 5141 (general tort statute), now Article 1536 of the 2020 Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 10801.

CIVIL NO. 20-1355 (JAG)                                                           14

(finding that creditors filed the involuntary petition in bad faith even though they complied with statutory requirements); *In re Nordbrock*, 772 F.2d 397, 400 (8th Cir. 1985) ("A creditor does not have a special need for bankruptcy relief if it can go to state court to collect a debt."); *In re Tichy*, 332 B.R. 364, 374 (Bankr. N.D. Iowa 2005) ("Bad faith has been found to exist when a creditor's actions amount to an improper use of the Bankruptcy Code as a substitute for customary collection procedures."); *In re Val W. Poterek & Sons*, 169 B.R. 896, 905 (Bankr. N.D. Ill. 1994) ("The filing of a petition may be sanctionable for bad faith under § 303(i)(2) when a petitioner disregards facts which have an impact on the validity of their petition. Similarly, a creditor acts in bad faith under § 303(i)(2) when it files an involuntary petition knowing it does not have the requisite number of creditors."); *In re Silverman*, 230 B.R. 46, 53 (Bankr. N.J. 1998) ("Filing an involuntary petition with the intent to gain a strategic advantage . . . constitutes an improper purpose."); *In re Dami*, 172 B.R. 6, 10 (Bankr. E.D. Pa. 1994) ("Where the purpose of the bankruptcy filing is to defeat state court litigation without a [bankruptcy] purpose, bad faith exists."). Here, it is undisputed that Banco Popular filed the involuntary petition while having available remedies in state court. Moreover, Reyes-Colon alleges the involuntary petition was filed as a debt collection and litigation tactic while the parties were in settlement negotiations of an ongoing case in Puerto Rico's local court. *See* Bankr. No. 6-4675, Docket No. 844 at 4; AP 20-0092, Docket No. 1. It is also undisputed that Banco Popular filed the involuntary petition knowing it did not have the requisite number of creditors. *See* Bankr. No. 6-4675, Docket No. 722; *see also Popular Auto, Inc. v. Reyes-Colon (In re Reyes-Colon)*, 922 F.3d at 20; Civ. No. 16-2638(GAG), Docket No. 45.

CIVIL NO. 20-1355 (JAG)                                                        15

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Withdraw Reference is **GRANTED**. The reference of this case to the bankruptcy court is withdrawn. Answer to Complaint due by March 10, 2026. The case will then be randomly assigned to a U.S. Magistrate Judge for pretrial matters.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Tuesday, February 24, 2026.


s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge